UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

O'DELL NORMAN,

Plaintiff,

Case No.: 3:14-cv-456

vs.

COMMISSIONER OF SOCIAL SECURITY,

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (docs. 6, 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

### A. Procedural History

Plaintiff alleges a disability onset date of April 16, 2005. PageID 237-49; *see* PageID 97. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, diabetes mellitus and congestive heart failure. PageID 61. After initial denial of his applications, Plaintiff received a hearing before ALJ Amelia G. Lombardo on September 2, 2010. PageID 88-114. The ALJ issued a written decision on December 10, 2010 finding Plaintiff disabled as of June 1, 2009. PageID 123-31. Prior to that date, the ALJ found Plaintiff not disabled because he had the residual functional capacity ("RFC") to perform the full range of sedentary[4] work and -- although he could not perform his past relevant work -- he had transferable work skills so that there were a significant number of jobs that he could perform. *Id.*

Plaintiff appealed to the Appeals Council who affirmed the finding of disability beginning on June 1, 2009, but vacated the ALJ's findings regarding the period from Plaintiff's alleged onset date to June 1, 2009. PageID 138-39. The Appeals Council remanded the case for consideration of vocational expert ("VE") testimony to determine "whether [Plaintiff] has acquired any skills that are transferable with very little, if any, vocational adjustment to other occupations under the guidelines in Social Security Ruling ["SSR"] 82-41." *Id.*

Following the Appeals Council remand order, on August 1, 2013, Plaintiff received a second hearing before ALJ Lombardo. PageID 73-87. ALJ Lombardo issued a written decision on August 16, 2013 finding, again, that Plaintiff could perform a significant number of jobs prior

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

to June 1, 2009 and was thus not disabled prior to that date. PageID 58-66. Specifically, the ALJ's findings were as follows:

> 1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2012.
>
> 2. The claimant engaged in substantial gainful activity during the period from his alleged onset date of April 16, 2005 through May 31, 2009 (20 CFR 404.1571 *et seq*.).
>
> 3. Since the alleged disability onset date, the claimant had the following severe impairments: diabetes mellitus; congestive heart failure; morbid obesity; lumbar arthritis; and peripheral vascular disease with severe edema (20 CFR 404.1520(c)).
>
> 4. From April 16, 2005 through May 31, 2009, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, from April 16, 2005 through May 31, 2009, the claimant had the RFC to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).
>
> 6. From April 16, 2005 through May 31, 2009, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born [in] 1946 and was 58 years old, which is defined as an individual of advanced age, on the alleged onset date. The claimant subsequently changed age category to closely approaching retirement age (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. The claimant has acquired work skills from [his] past relevant work (20 CFR 404.1568).
>
> 10. Considering the claimant's age, education, work experience, and [RFC], the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a) and 404.1568(d)).

> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 16, 2005, the alleged onset date, through May 31, 2009, the day before the date the claimant was found to be disabled in the prior decision (20 C.F.R. 404.1520(g)).

PageID 60-66.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal"). The limited issue in this appeal is whether the ALJ's determination -- that Plaintiff was not disabled between April 16, 2005 (his alleged onset date) and May 31, 2009 -- is supported by substantial evidence.

**B. Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 61-64. Plaintiff, in his Statement of Errors, sets forth a detailed summary of the record evidence. Doc. 8 at PageID 1556-60. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's recitation of the relevant medical evidence. Doc. 9 at PageID 1568. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

**II.**

**A. Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry – reviewing the correctness of the ALJ's legal analysis – may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work – and also considering the claimant's age, education, past work experience, and RFC – do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff presents a single issue for review. He argues that the ALJ erred by failing to consider the issue of vocational adjustment -- a necessary finding for an individual of advanced age, such as Plaintiff, to have transferable work skills -- and thereby

failed to comply with SSR 82-41 and the Appeals Council remand order.[5] Doc. 8 at PageID 1561-65.

Under the regulations, "[i]n order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. Pt. 404, Subpt. P, App. 2, 201.00(f). SSR 82-41 further provides that individuals of advanced age:

> cannot be expected to make a vocational adjustment to substantial changes in work simply because skilled or semiskilled jobs can be identified which have some degree of skill similarity with their PRW. In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation.

SSR 82-41, 1982 WL 31389, at *5 (Jan. 1, 1982).

The Appeals Council remanded this case because, in the 2010 administrative hearing, the VE was not "asked if work as an appointment clerk or order clerk [*i.e.*, the jobs the ALJ found Plaintiff could perform] would involve very little, if any vocational adjustment in terms of tools, work processes, work settings, or industry." PageID 138-39. During the August 1, 2013 supplemental hearing, the ALJ took testimony from a VE who identified Plaintiff's past relevant work as a transportation specialist for the military with a specific vocational preparation ("SVP")

[5] Plaintiff briefly argues that "the medical evidence also supports a finding that [he] could not perform work activity [prior to June 1, 2009, when the ALJ found his disability started] apart from the issue of work adjustment" and recites evidence from 2007 and 2008. Doc. 8 at PageID 1565. Plaintiff presents no specific argument as to how the ALJ erred, or how the record evidence he cites undermines the ALJ's weighing of the opinion evidence or ultimate conclusion. *See id.* Accordingly, the undersigned considers this argument waived. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (concluding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (citation omitted).

of 8,[6] and indicated that the transferable skills were "decision making, record keeping, customer service, scheduling, reporting[,] and inspecting." PageID 75-77. The VE found that these skills would transfer to the sedentary, semiskilled jobs of appointment clerk and order clerk, and 6,000 of such jobs exist in the region. PageID 77-78.

In the August 16, 2013 decision at issue here, the ALJ found that:

> The [VE] testified that claimant's previous work is similar to the jobs recited above, and in fact, these jobs are less demanding than the claimant's past relevant work and that the claimant would need to make very little, if any, vocational adjustment. [The VE] testified that although the claimant's past relevant work was performed as a federal employee, even if there was a limitation to only government jobs, there would still be a substantial number of similar jobs the claimant could perform.

PageID 65. Plaintiff argues that the ALJ again failed to ask the VE whether the identified jobs "would involve very little, if any, vocational adjustment in terms of tools, work processes, work setting, or industry." Doc. 8 at PageID 1562-53.

The undersigned finds no reversible error. Although the ALJ did not ask the VE specifically whether there would be "very little, if any, vocational adjustment in terms of tools, work processes, work setting, or industry," the VE testified as to each issue. In terms of industry, the VE testified that both identified jobs are "in the same DOT industry as the transportation specialist" and that 2,500 of the 6,000 identified jobs involve working for the government, as Plaintiff did. PageID 78, 81. The VE testified that the work setting "would be the same or similar . . . [y]ou're basically talking about jobs that involve working primarily in an office or office setting." PageID 82. Plaintiff's attorney questioned the VE about computers, *i.e.*, tools, and the VE testified "if you look at [when Plaintiff stopped working] in 2007 versus August of 2013[,] I think there would be little if any change." PageID 83. Finally, as to work

[6] A SVP of 8 is "basically the highest level of skilled work" and represents skills that take 4 to 10 years to acquire. PageID 76.

processes, the VE testified that "there would be little if any adjustment and the adjustment would be that they wouldn't be doing as much as what they were doing before from a mental, skilled perspective[.] " PageID 84-85.

Further, SSR 82-41 supports the VE's findings and the ALJ's conclusion that Plaintiff -- with past relevant professional work -- would need to make very little, if any, vocational adjustment:

> where job skills have universal applicability across industry lines, e.g., clerical, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's RFC.

SSR 82-41, 1982 WL 31389, at *6.

Because the VE testified that there would be very little, if any, vocational adjustment in terms of tools, work processes, work setting, or industry, the undersigned finds that the ALJ complied with the applicable regulations as well as the Appeals Council remand order. Accordingly, the undersigned recommends that Plaintiff's assignment of error be overruled.

**IV.**

For the foregoing reasons, the Court finds no merit to Plaintiff's assignment of error, and further finds the ALJ's non-disability determination supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the Court's docket.

Date: February 9, 2016

*s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).